IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



| | |
|---|---|
| MARNE SIMPSON, | ) |
| | ) |
| Brings this action on behalf | ) |
| Of the United States of America | ) |
| | ) |
| c/o A. Bryan Albritton | ) CIVIL ACTION NO. 8:10CV1580-JTT |
| United States Attorney | ) FILED UNDER SEAL |
| Middle District of Florida | ) TGW |
| | ) |
| And | ) |
| | ) |
| c/o | ) |
| Attorney General of the United | ) |
| States Department of Justice | ) |
| | ) |
| Relator, | ) |
| | ) |
| Vs. | ) |
| | ) |
| HCA, INC., | ) |
| HCA WEST FLORIDA, | ) |
| AN HCA AFFILIATE, BLAKE | ) |
| MEDICAL CENTER, BRANDON | ) |
| REGIONAL HOSPITAL, | ) |
| CENTRAL FLORIDA REGIONAL | ) |
| HOSPITAL, COMMUNITY | ) |
| HOSPITAL, DOCTORS | ) |
| HOSPITAL OF SARASOTA, | ) |
| EDWARD WHITE HOSPITAL, | ) |
| ENGLEWOOD COMMUNITY | ) |
| HOSPITAL, FAWCETT | ) |
| MEMORIAL HOSPITAL, | ) |
| LARGO MEDICAL CENTER, | ) |
| LARGO MEDICAL CENTER – | ) |
| INDIAN ROCKS, NORTHSIDE | ) |
| HOSPITAL & HEART INSTITUTE, | ) |

```
OAK HILL HOSPITAL, OSCEOLA       )
REGIONAL HOSPITAL, REGIONAL      )
MEDICAL CENTER OF BAYONET        )
POINT, SOUTH BAY HOSPITAL, ST.   )
PETERSBURG GENERAL               )
HOSPITAL                         )
                                 )
        Defendants.              )
                                 )
```

This is an action by *qui tam* Relator, MARNE SIMPSON, in the name of the United States Government, to recover penalties and damages arising from the Defendants, HCA, INC.'s, HCA WEST FLORIDA - AN HCA AFFILIATE, BLAKE MEDICAL CENTER, BRANDON REGIONAL HOSPITAL, CENTRAL FLORIDA REGIONAL HOSPITAL, COMMUNITY HOSPITAL, DOCTORS HOSPITAL OF SARASOTA, EDWARD WHITE HOSPITAL, ENGLEWOOD COMMUNITY HOSPITAL, FAWCETT MEMORIAL HOSPITAL, LARGO MEDICAL CENTER, LARGO MEDICAL CENTER - INDIAN ROCKS, NORTHSIDE HOSPITAL & HEART INSTITUTE, OAK HILL HOSPITAL, OSCEOLA REGIONAL HOSPITAL, REGIONAL MEDICAL CENTER OF BAYONET POINT, SOUTH BAY HOSPITAL, and ST. PETERSBURG GENERAL HOSPITAL's (hereinafter HCA) unlawful and fraudulent practices and termination of Relator, MARNE SIMPSON, as detailed herein. These unlawful and fraudulent practices have economically harmed the United States Government and are prohibited under the federal **False Claims Act**.

## PARTIES

1.   Relator, MARNE SIMPSON, is a permanent resident and citizen of the United States of America. Relator brings this civil action for violation of 31 U.S.C. §

3729(a)(7) for herself and for the United States Government pursuant to 31 U.S.C. § 3730(b)(1).

2.Defendant, HCA, INC., is a Foreign Corporation with its principal place of business in Nashville, Tennessee. Defendant, HCA WEST FLORIDA, an affiliate of HCA, INC., is a comprehensive network of hospitals, outpatient surgery and diagnostic imaging facilities and a complete continuum of specialized health programs and services that meet the healthcare needs of residents and businesses in West and Central Florida communities. HCA WEST FLORIDA affiliated facilities include: BLAKE MEDICAL CENTER, BRANDON REGIONAL HOSPITAL, CENTRAL FLORIDA REGIONAL HOSPITAL, COMMUNITY HOSPITAL, DOCTORS HOSPITAL OF SARASOTA, EDWARD WHITE HOSPITAL, ENGLEWOOD COMMUNITY HOSPITAL, FAWCETT MEMORIAL HOSPITAL, LARGO MEDICAL CENTER, LARGO MEDICAL CENTER – INDIAN ROCKS, NORTHSIDE HOSPITAL & HEART INSTITUTE, OAK HILL HOSPITAL, OSCEOLA REGIONAL HOSPITAL, REGIONAL MEDICAL CENTER OF BAYONET POINT, SOUTH BAY HOSPITAL, and ST. PETERSBURG GENERAL HOSPITAL.

## JURISDICTION AND VENUE

3.This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq.*

4.Jurisdiction over this action is conferred on this court by 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331 in that this action arises under the laws of the United States.

5.Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b) and (c) and 31 U.S.C. § 3732(a)

because the Defendant, HCA, transacts business in this District and the facts forming the basis for the Complaint occurred in this district.

## PRELIMINARY STATEMENT

6.      Relator, MARNE SIMPSON, was an employee of ST. PETERSBURG GENERAL HOSPITAL, and most recently held the position of Registered Nurse, Department Director of Case Management. Relator was employed with ST. PETERSBURG GENERAL HOSPITAL from approximately July 15, 1985 until her termination on May 14, 2010.

7.      Defendant, HCA, provides healthcare services.

8.      On or about July 15, 1985, Relator, MARNE SIMPSON, began her employment with the Defendant, ST. PETERSBURG GENERAL HOSPITAL. At the time of her termination from employment, Relator, MARNE SIMPSON, held the position of Registered Nurse, Department Director of Case Management and throughout her employment, Relator performed her duties in an exemplary fashion.

9.      Under Relator's direction, the department continued to use the McKesson InterQual criteria for screening new admissions and for the continued stay of hospitalized patients. McKesson InterQual products help healthcare organizations facilitate quality of care and clinical resource utilization by providing objective criteria based on well-researched scientific knowledge and real world clinical experience to assess the appropriate care for individual patients. Treatments or services that are only given once in the Emergency Room cannot be used to meet intensity of service for admission.

10.     Over the last three to four years at SPGH, Relator began to see a change in not only the quality of care being delivered, but the physicians on staff were not of the same level of standards that she had seen in previous years.  It seemed as though most of the reputable physicians had departed and the top admitting physicians seemed to have alternative motives for keeping patients in the hospital longer.  The highest percent of admissions at the hospital come through the emergency room, they are not direct admissions.

11.     Approximately three years ago, HCA chose several hospitals, along with SPGH, to participate in a study called EHR.  HCA brought in a group of physicians who reviewed medical records and identified patients that could have been inpatients instead of being placed in observation services.  This group did not utilize the InterQual criteria only, but insisted if Centers for Medicare and Medicaid Services (CMS) guidelines were used and appropriate documentation done by physicians regarding co-morbidities of patients, etc., the rate of inpatient admissions could be much higher.  Relator's department was instructed to educate all physicians on this and to guide them to use CMS guidelines and make patients inpatients instead of using strictly InterQual criteria.  The two charts FMQAI requested in 2010 to review were along these lines.  (Florida's Medicare Quality Improvement Organization performs independent medical record reviews for a variety of settings.  FMQAI provides technical assistance to hospitals to help them comply with Medicare billing and coding regulations.  FMQAI is a subsidiary of Health Services Holdings (HSH) and is funded through federal, state and private contracts.)  FMQAI denied both patients as inpatients regardless of the documentation done by physicians and the co-morbidities of the patients.  FMQAI used the InterQual criteria only.

12. Relator believes that fraudulent activities on the part of **ST. PETERSBURG GENERAL HOSPITAL**, involved the admission of patients not meeting medical necessity at all for hospitalization.

13. Defendant, **ST. PETERSBURG GENERAL HOSPITAL** was instructing its Emergency Room physicians that if they did not admit patients from the Emergency Room to the hospital, they would be terminated.

14. Relator, **MARNE SIMPSON**, took immediate steps with her employer to address the serious problems raised by the actions of **ST. PETERSBURG GENERAL HOSPITAL** in admitting emergency room patients who did not meet the Interqual requirements for admission to the hospital.

15. Based upon the false billing practices and false claims described above, Defendant, **ST. PETERSBURG GENERAL HOSPITAL**, obtained payment directly or indirectly from the United States Government for its services.

## COUNT I
## FALSE CLAIMS ACT VIOLATION

16. The allegations of the preceding paragraphs are realleged as if fully set forth herein.

17. Defendant, **HCA**, by and through its officers, agents and employees, knowingly presented or caused to be presented to an officer or employee of the United States Government, false or fraudulent claims for payment and approval.

18. Defendant, **HCA**, by and through its officers, agents and employees, knowingly made, used or caused to be made or used, false records or statements, to get false or fraudulent claims paid or approved.

19. Based upon the false claims described above, Defendant, **HCA**, directly or indirectly obtains payment from the United States Government for its services it provides to the healthcare industry.

20. Defendant, **HCA**, by and through its officers, agents and employees, have authorized the actions of its various officers, agents and employees to take actions set forth above.

21. The United States Government has sustained damages because of the acts of Defendants, **HCA**, as a result of the Defendants' violation of the False Claims Act, 31 U.S.C. § 3729.

22. The actions described above occurred during the time period in which **HCA**, was a contractor or subcontractor with the United States Government pursuant to various contracts, including, but not limited to, the time period which Relator, **MARNE SIMPSON**, was employed by the Defendant, **ST. PETERSBURG GENERAL HOSPITAL**.

23. As set forth in the preceding paragraphs, Defendant, **HCA**, has knowingly violated 31 U.S.C. § 3729 and has thereby damaged the United States Government by its actions in an amount to be determined at trial.

## COUNT II

24. The allegations in the preceding paragraphs are realleged as if fully set forth herein.

25. Relator, **MARNE SIMPSON**, was terminated by Defendant, **ST. PETERSBURG GENERAL HOSPITAL**, by and through its officers, agents and employees, because of the lawful acts done by her in furtherance of an action under the False Claims Act,

including her opposition to illegal practices and participation in the investigation of an action under the False Claims Act.

26. Defendant's actions set forth above is in violation of 31 U.S.C. § 3730(h) and damaged Relator in an amount to be determined at trial.

27. WHEREFORE, Relator, on behalf of herself and the United States Government, prays:

> (a) That this Court order the Defendants, HCA, cease and desist from violating § 31 U.S.C. 3729;
>
> (b) That Relator be awarded all relief necessary to make her whole, including, but not limited to, two times her back pay, interest on the back pay, and compensation for all special damages sustained, including attorneys' fees and costs.
>
> (c) That this Court enter judgment against the Defendant in an amount equal to three times the amount of damages the United States Government has sustained because of its action, plus a civil penalty of $5,000 to $10,000 for each action in violation of 31 U.S.C. § 3729, and the costs of this action, with interest, including the costs of the United States Government for its expenses related to this action;
>
> (d) That Relator be awarded all costs incurred, including reasonable attorneys' fees;
>
> (e) That in the event the United States Government continues to proceed with this action, Relator be awarded an amount for bringing this action

in the amount of at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim;

(f) That in the event the United States Government does not proceed with this action, Relator be awarded an amount that the court decides is reasonable for collecting the civil penalty and damages, which shall be not less than 25 percent nor more than 30 percent of the proceeds of the action or settlement;

(g) That a trial by jury be held on all issues;

(h) That the United States Government and Relator receive any other relief, both at law and at equity, to which they may reasonably appear entitled.

## JURY DEMAND

28. Relator, **MARNE SIMPSON**, hereby demands a trial by jury of all issues in this action.

Dated: July /3/ 2010

Respectfully submitted,

By: _____
DAVID J. LINESCH
Florida Bar No. 0376078
The Linesch Firm
700 Bee Pond Road
Palm Harbor, FL 34683
Voice: (727) 786-0000
Facsimile: (727) 786-0974
Email: laborlaw@lineschfirm.com
Attorney for Relator

Relator demands a trial by jury.

_____
DAVID J. LINESCH